UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER D. SIMMS, | ) | CASE NO.  1:22-CV-2260 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Magistrate Judge Darrell A. Clay's Report and Recommendation ("R&R") (Doc. No. 13), which recommends affirming the Commissioner of Social Security's denial of disability benefits.  Plaintiff timely filed an objection.  (Doc. No. 14.)

**I.       Standard of Review**

The Court must conduct a *de novo* review of the portions of a report and recommendation to which objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b)(3).  The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.  *Id*.  Objections that simply restate arguments asserted in the briefs and addressed in the report and recommendation constitute general objections. *Middleton v. Octapharma Plasma, Inc*., No. 19-1943, 2020 U.S. App. LEXIS 9585, *3 (6th Cir. Mar. 26, 2020).  General objections are "tantamount to no objection at all" and do not receive *de novo* review.  *Id*.; *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (recognizing that general objections duplicating the time and effort of the district court and magistrate judge waste judicial resources).

To receive *de novo* review of portions of a report and recommendation, the stated

objection must "address specific concerns" with the report and recommendation in order to "focus attention on those issues . . . that are at the heart of the parties' dispute. *Howard*, 932 F.2d at 509 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  "An objection preserves an issue when it explains and cites specific portions of the report which counsel deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and alterations omitted).  "[V]ague, general, or conclusory objections do not meet the requirement of specific objections . . ." *Frias v. Frias*, No. 2:18-cv-00076, 2019 U.S. Dist. LEXIS 22682, *6 (M.D. Tenn. Feb. 12, 2019) (quoting *Cole v. Yukins*, 7 Fed. Appx. 354, 356 (6th Cir. 2001)).

**II.     Analysis**

In the first paragraph of her objection, Plaintiff states that she will address the R&R. (Doc. No. 14 at 607.)[1]  She also asks the Court to carefully review the arguments set forth in her "Statement of Specific Errors" in addition to the arguments stated in the objection itself.  *Id*.  She does not provide a citation to her "Statement of Specific Errors," and no such statement is attached to the objection.

Plaintiff's sole objection, styled "The ALJ violated 20 C.F.R § 404.1520c," rehashes and restates arguments asserted in her merits brief (Doc. No. 8) and reply (Doc. No. 12) concerning the ALJ's reliance on certain medical opinions.  (*See* Doc. No. 14 at 607-08.)  It concludes with a request that the Court reject the R&R.  (Id. at PageID 608.)

The R&R addressed the argument restated in the objection.  (Doc. No. 13 at 587-99.) Yet, Plaintiff's objection does not cite to the R&R, let alone delineate which portions of it are problematic or how the R&R's analysis or application of the law or facts was flawed.  The

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

objection simply reargues the ALJ's purported failures in addressing the supportability factor and its reliance on certain medical opinions. (Doc. No. 14 at 607-08.) Accordingly, the Court finds that Plaintiff's objection is a general objection that does not merit *de novo* review. *Howard*, 932 F.2d at 509.

Notwithstanding, on *de novo* review, the Court finds that substantial evidence supports the ALJ's findings and the denial of disability benefits. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477-78 (6th Cir. 2003).

### III. Conclusion

Plaintiff failed to state any specific objection to the Report and Recommendation. (*See* Doc. No. 14.) The Court finds that the Magistrate Judge's Report and Recommendation (Doc. No. 13) set forth the appropriate law and legal standards and properly applied those to the facts of this case. The Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner of Social Security's denial of disability benefits. This case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: March 12, 2024